PETERSON ZEYER LAW
Hyrum M. Zeyer       ISB#8436
1215 W. Hays
Boise, Idaho 83702
Telephone:    (208) 433-9882
Facsimile:    (208) 433-9886
E-mail:       Hyrum@PetersonZeyerLaw.com
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In re: | CHAPTER 13 |
|---|---|
| JOSEPH THOMAS LEAL | Case No. 20-00068-TLM |
| Debtor(s). | |

**RESPONSE TO TRUSTEE'S OBJECTION TO APPLICATION FOR ATTORNEY'S FEES**

 Hyrum Zeyer, attorney for the Debtor, provides the following in response to the trustee's objection to attorney's fees.

1. The service agreement states an hourly rate of $280.00 per hour and the amended fee disclosure corrects the previously filed incorrect disclosure. Mr. Leal had approximately 8 days to review this service agreement. He received the agreement after the initial consultation on August 13, 2019 and turned in the signed agreement on August 21, 2019. While the trustee has brought up the hourly fee amount, nether the Trustee or Mr. Leal are objecting to the hourly fee agreed upon at the onset of this case.

2. The Trustee is taking issue for the 1 hour billed for attending the March 17, 2020 confirmation hearing. On March 17, 2020, I prepared for and attended the confirmation hearing on behalf of my client Mr. Leal. Whether I have one or five clients, I must spend time preparing for, traveling to, and attending the confirmation hearing. A more adequate

description of this time billed for is "Case review, prepare for hearing, attend hearing." Mr. Leal has not objected to this item billed.

3. The trustee is also taking issue with the 1.2 hours billed carrying out the requests of Mr. Leal in dismissing his case. Mr. Leal has not objected to this item billed.

   The day before the confirmation hearing Mr. Leal made an unscheduled visit to my office asking what would happen if his case was dismissed. Not being prepared for his visit, I answered his questions generally and as best I could without a full review of his case. I received an email from Mr. Leal the morning of March 17, 2020 requesting that his case be dismissed. Mr. Leal's case was then reviewed as to the dismissal rather than for confirmation. There were multiple emails[1] between Mr. Leal and me regarding his request and providing updates. The motion to dismiss was then drafted and filed.

   A more adequate description for the services performed at Mr. Leal's request for dismissal on March 17, 2020 is, "Review case in regard to Clients request to dismiss, receive and respond to multiple emails including email requesting dismissal, draft MTD, file MTD."

4. Trustee finally makes the claim that any disbursement of attorney fees is subject to trustee's fees. The trustee's fees are not at issue currently and this is not a valid reason for an objection to attorney's fees.

---

[1] A Gmail search for emails on March 17, 2020 show 4 emails back and forth.



WHEREFORE, it is requested that this Honorable Court deny the trustee's objection and find the attorney fees requested to be reasonable under these circumstances.

**DATE:** May 12, 2020

**SIGNED:** PETERSON ZEYER LAW
/s/_Hyrum M. Zeyer
Hyrum M. Zeyer
Attorney for Debtors

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2020 I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Kathleen A. McCallister kam@kam13trustee.com

US Trustee ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on May 12, 2020 I served, or caused to be served the foregoing on the following non-CM/ECF Registered Participants at the following address via USPS, First Class, Prepaid:

Joseph Leal via email – sent on May 12, 2020

**DATE:** May 12, 2020

**SIGNED:** PETERSON ZEYER LAW
/s/_Hyrum M. Zeyer
Hyrum M. Zeyer
Attorney for Debtors